UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MILIK TURNER,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

                            /

CRIMINAL CASE NO. 08-CR-20228
CIVIL CASE NO. 16-CV-14199

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**
(Doc. 46)

**I.**     **RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion Vacate Sentence (Doc. 46) be **DENIED** and that the civil case be **DISMISSED**.

**II.**     **REPORT**

    **A.**     **Introduction**

On June 9, 2009, Petitioner pleaded guilty to Count 1 of the Indictment charging distribution of heroin in violation of 21 U.S.C. §841 pursuant to a plea agreement. (Doc. 36.) On September 22, 2009, judgment was entered and Petitioner was sentenced to 188 months imprisonment. (Doc. 39.) Petitioner did not file an appeal. On November 28, 2016, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 46.) Petitioner argues that he was erroneously sentenced as a career offender because his State of Michigan convictions for controlled substance offenses do not qualify for enhancement. (*Id.*) On December 27, 2016, Respondent filed a response to the motion. (Doc. 50.) Respondent contends

that the motion is untimely, that Petitioner waived his rights to file a §2255 motion as part of the plea agreement, and that *Mathis v. United States*, 136 S. Ct. 2243 (2016) does not affect Turner's sentence nor could it provide an excuse for the late filing of the motion to vacate. (Doc. 50.) This motion is ready for Report and Recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

**B.     Analysis and Conclusion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). Petitioner did not file a direct appeal and judgment was entered on September 22, 2009. Therefore, Petitioner's judgment became final on October 6, 2009, such that Petitioner should have filed the motion to vacate by October 6, 2010.

However, the one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Although Petitioner believes that *Mathis* is applicable and would excuse his late filing, it does not. A proper view of the potential precedent requires some background discussion.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

The Sixth Circuit has held that since the United States Sentencing Guidelines (USSG) § 4B1.1 (career offender enhancement) also has a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). The United States Supreme Court has granted certiorari in *Beckles v. United States*, to decide whether the *Johnson* holding applies to the residual clause of the career offender sentencing guidelines, and if so, whether it should apply retroactively on collateral review. 136 S. Ct. 2510.

*Johnson* concerned the second half of the phrase under the ACCA §924(e)(2)(B)(ii), i.e., the residual clause. The residual clause follows a list of enumerated violent felonies under §924(e)(2)(B)(ii), i.e., "burglary, arson, or extortion, involves the use of explosives..." *Mathis* governs how to interpret whether a state conviction qualifies under this list of generic offenses. *Mathis* held that, in determining whether a prior state violent felony conviction counts toward a federal sentence enhancement under the ACCA, courts must apply the categorical approach - not

3

the modified categorical approach - where a criminal statute establishes various means for satisfying a single element. *Mathis* focuses on the portion of the same subsection of the ACCA that was not addressed by the Court in *Johnson*.

The Court in *Mathis* found that Iowa's burglary statute had a broader locational element than generic burglary and thus, the Iowa conviction could not qualify as a prior violent felony conviction under the ACCA's enumerated offenses of "burglary, arson, or extortion, involves the use of explosives..." §924(e)(2)(B)(ii).

On October 26, 2016, the Sixth Circuit decided *United States v. Ritchey,* 840 F.3d 310 (6th Cir. 2016). The Sixth Circuit provided a method for analyzing potential predicate violent crime convictions used under the ACCA under *Mathis* and held that a conviction under Mich. Comp. Laws §750.110, for breaking and entering a building with intent to commit a felony or larceny therein, could not qualify as a violent felony under the ACCA since its elements were broader than those of the generic enumerated offense of burglary. Therefore, the Sixth Circuit vacated Ritchey's sentence and remanded for resentencing consistent with its decision and the United States Supreme Court's decision in *Mathis*.

*Mathis* and *Ritchey* are interesting cases that provide good guidance for situations where a Petitioner's sentence was enhanced based on prior enumerated violent felonies under the ACCA. However, these cases are of no consequence to Petitioners, such as Turner, who were not sentenced under the ACCA. Petitioner was not even sentenced as a career offender under the sentencing guideline provision covering violent crimes. § 4B1.2(a). Petitioner was sentenced as a career offender under § 4B1.2(b) because he had two prior controlled substance convictions. Therefore, there is no Supreme Court precedent establishing a newly recognized right that has been

made retroactively applicable to cases on collateral review that would assist Petitioner in circumventing the limitation period. 28 U.S.C. § 2255(f)(3).

To the extent Petitioner argues that this career offender guideline does not apply to his state convictions either because the Michigan law under which he was convicted applies equally to attempt controlled substance offenses, this argument also fails. A controlled substance offense under § 4B1.2(b) "includes 'the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.'" *United States v. Evans*, 699 F.3d 858, 866 (6th Cir. 2012)(citing the application note to § 4B1.2(b)).

For the same reasons stated above, even if the Court were to consider the substance of Petitioner's arguments, the motion fails to set forth any valid grounds for relief. Because I recommend dismissal based on the limitation period, I need not consider the argument that Petitioner waived his right to collateral review in the plea agreement.

Accordingly, I suggest that Petitioner's motion to vacate sentence be **DENIED**.

### III.  REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all

the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 17, 2017        S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Milik Turner 42326039 at McCreary U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 3000, Pine Knot, KY 42635.

Date: January 17, 2017        By s/Kristen Castaneda
Case Manager

6