UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/ Respondent,        Case No. 08-cr-20228

v        Honorable Thomas L. Ludington

MILIK TURNER,

        Defendant/ Petitioner.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO VACATE SENTENCE, AND GRANTING CERTIFICATE OF APPEALABILTIY AND LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On April 30, 2008 an indictment was issued charging Defendant Milik Turner with six counts of distributing heroin and one count of possessing with the intent to distribute 28 grams or more of cocaine base, all in violation of 21 U.S.C. 841(a)(1). *See* ECF No. 9. Turner pleaded guilty to one count of distributing heroin pursuant to a Rule 11 plea agreement on June 9, 2009. *See* ECF No. 36. On September 17, 2009 Turner was sentenced as a career offender to 188 months' imprisonment. Judgment was entered on September 22, 2009. *See* ECF No. 18. Turner did not file a direct appeal.

Over seven years later, on November 28, 2016, Petitioner Turner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence was rendered unconstitutional by the Supreme Court's decision in *Mathis v. United States,* 136 S. Ct. 2243, 2251, 195 L. Ed. 2d 604 (2016) (holding that, for the purpose of determining whether an offense qualifies as a predicate under the Armed Career Criminal Act, the court takes a categorical approach, looking to the statutory elements of the offense rather the particular means of

commission). *See* ECF No. 46. Turner specifically argued that, under the rule articulated in *Mathis,* his prior controlled substance offenses no longer qualified as predicate offenses giving rise to his career offender status under the United States Sentencing Guidelines.

Turner's motion was referred to Magistrate Judge Patricia T. Morris. *See* ECF No. 48. On January 17, 2017 the magistrate judge issued her report, recommending that Turner's motion to vacate be denied. *See* ECF No. 29. The magistrate judge reasoned that Turner's petition was untimely because the *Mathis* decision had no bearing on the controlled substance offenses giving rise to Turner's career offender status. After obtaining an extension, Turner filed objections to the report on February 17, 2017. *See* ECF No. 55.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Through his objections, Turner first argues that his *Mathis* claim is timely. A motion seeking relief under § 2255 is untimely if it is not filed within a 1-year period of limitation. 28 U.S.C. § 2255(f). That limitation period shall run from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)–(4). Turner effectively concedes that his *Mathis* claim is not timely under § 2255(f)(1), as it was raised over one year after his judgment became final. Turner argues, however, that the claim is timely under § 2255(f)(3) because the Supreme Court in *Mathis* recognized a new right that was made retroactively applicable on collateral review. The argument is without merit.

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). In *Mathis*, the Supreme Court stated that the essential rule governing ACCA cases had been articulated over a quarter century ago: "All that counts under the Act, we held then, are 'the elements of the statute of conviction.'" *Id*. (citing and quoting *Taylor v. United States,* 495 U.S. 575, 598, (1990)). "Accordingly, a sentencing judge may look only to 'the elements of the [offense], not to the facts of [the] defendant's conduct.'" *Id.* Through this language, the Supreme Court explained that it was *not* recognizing any new right. Furthermore, Petitioner has not identified any language making the *Mathis* decision retroactive. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (holding that a petitioner had not made a prima facie showing that *Mathis* set forth a new rule of constitutional law made retroactive to cases on collateral review). *United*

*States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (collecting cases and concluding that *Mathis* did not announce a new rule).

The Fifth Circuit's decision in *United States v. Hinkle* does not compel a different result. *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). In *Hinkle*, the Fifth Circuit Court of Appeals vacated a defendant's sentence after finding that he was improperly sentenced as a career offender under the guidelines. *Id*. This conclusion was based upon a finding that, pursuant to the Supreme Court's reasoning in *Mathis*, a prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense within the meaning of U.S.S.G. § 4B1.1(a). Importantly, the court in *Hinkle* was applying *Mathis* on direct appeal, not collateral attack. Moreover, *Hinkle* was decided by the Fifth Circuit Court of Appeals, not by the Supreme Court. It therefore cannot satisfy the statute of limitations requirements of § 2255(f)(3).

Because the Supreme Court in *Mathis* did not recognize any new right made retroactive on collateral review, Turner's claim is time-barred. Turner's remaining objections will therefore be overruled as moot, and the magistrate judge's report will be rejected to the extent that it addresses the merits of Turner's claims.

## II.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits,

a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

Because the Sixth Circuit has not yet issued any published opinion addressing the timeliness of a petitioner's collateral attack relying on *Mathis*, the Court concludes that a certificate of appealability is warranted in this case. The Court further concludes that Petitioner should be granted leave to proceed *in forma pauperis* on appeal, as an appeal would not be frivolous. *See* Fed. R. App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Petitioner Turner's objections, ECF No. 55, are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 51, is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Petitioner Turner's motion to vacate, ECF No. 46, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **GRANTED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **GRANTED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 24, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 24, 2017.

        <u>s/Shawna C. Burns</u>
        SHAWNA C. BURNS, Case Manager Generalist