UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 08-20228

v.        Honorable Thomas L. Ludington

MILIK TURNER,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

On April 30, 2008, Defendant was indicted by a grand jury for six counts of distribution of heroin and one count of possession with intent to distribute cocaine base. ECF No. 1. On June 9, 2009, Defendant pled guilty to one count of distribution of heroine. He was sentenced on September 22, 2009 to incarceration for 188 months, to be served concurrently with a sentence of imprisonment he was currently serving with the Michigan Department of Corrections. ECF No. 39. Though Defendant did not file a direct appeal, he filed multiple post judgment motions. On April 13, 2015, he filed a motion for retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582, which was denied on June 30, 2016. EF Nos. 41, 45. He also filed a motion to vacate under 28 U.S.C. § 2255 on November 28, 2016 that was denied, but was granted a certificate of appealability and IFP status. ECF Nos. 46, 51, 55, 57. On appeal, this Court was affirmed. ECF Nos. 60, 62.

On April 1, 2020, Defendant filed a motion to reduce his sentence to 151 months. ECF No. 64. Defendant seeks reconsideration of his sentence under 18 U.S.C. § 3582(c)(2). He appears to

argue that *United States v. Hughes*[1] and amendment 782 "make[] him eligible for Reconsideration" because of his "C" plea. *Id.* Plaintiff contends that "even in cases where a defendant enters into a Rule 11(c)(1)(C) sentence agreement, as Turner did here, that defendant is not entitled to a reduction under § 3582(c)(2) where his agreement was based on the § 4B1.1 career offender guideline ranges and not on a range which was subsequently lowered by the Commission." ECF No. 67 at PageID.231. In denying Defendant's first motion to reduce sentence this Court explained that his "sentence was originally calculated based on the Petitioner's status as a career offender, rather than the drug quantity." ECF No. 45 at PageID.152. When a sentence is based on career offender status, amendment 782, even when combined with *United States v. Hughes*, does not make a defendant eligible for a reduction in sentence. *United States v. Young*, 771 Fed. App'x 213, 214 (4th Cir. 2019); *United States v. Nelms*, 2018 WL 9595306 at *1 (S.D. Ohio Aug. 10, 2018). Defendant's motion for reduction in sentence fails on his first argument.

Defendant asserts in his second argument that "Due to the recent decision in United States v. Havis 927 F.3d 382 (6th Cir 2019) (Enbanc)" "if sentenced today his Michigan prior's for 'Delivery' would no longer qualify a predicate offences and he would not be considered a career offender." ECF No. 64 at PageID.222 (formatting in original). Plaintiff argues that "A district court has authority to modify a sentence of imprisonment under § 3582(c)(2) only if the sentencing range on which a term was based is subsequently lowered by the Sentencing Commission. The Sentencing Commission has not amended the career offender provisions." ECF No. 67 at PageID.232.

The Sixth Circuit has explained that an 18 U.S.C. § 3582(c)(2) motion "allows a court to reduce a sentence that was based on a Guidelines range that has since been lowered, to have those

---

[1] 138 S. Ct. 1765 (2018)

reductions applied to him." *United States v. Clardy*, 877 F.3d 228, 229 (6th Cir. 2017). However, a 3582(c)(2) motion can only be brought if there is a specified amendment change. 18 U.S.C. § 3582(c)(2) ("in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)").

Defendant did not identify which of the listed eligible amendments he was seeking 3582 relief under. Defendant's entire argument is one sentence ("Defendant also asserts that if sentenced today his Michigan prior's for 'Delivery' would no longer qualify a predicate offences and he would not be considered a career offender.") and a citation to *Havis*. ECF No. 64. Even though the Court is required to construe a pro se filing liberally, as explained by the Sixth Circuit, "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997). Other District Courts have found that the *Havis* decision alone is an insufficient predicate for a § 3582(c)(2) motion.

> This Court also lacks authority to modify the sentence under 18 U.S.C. § 3582(c)(2). A district court has authority to modify a sentence of imprisonment under section 3582(c)(2) if the sentencing range on which a term was based is subsequently lowered by the Sentencing Commission. However, the Sentencing Commission did not amend the sentencing range. Rather, the Sixth Circuit held that the Commission improperly added attempt crimes to the definition of "controlled substance offense" through the use of commentary. *Havis*, 927 F.3d at 387.

*United States v. Woods*, 2020 WL 2320095, at *2 (E.D. Mich. May 11, 2020); *see also United States v. Greene*, 2020 WL 3118645 at *1 (E.D. Mich. June 11, 2020) ("The Sixth Circuit did not amend the guideline but only rejected the Sentencing Commission's interpretation of it."). Defendant is not entitled to relief under 3582.

Accordingly, it is **ORDERED** that Defendant's Motion to Reduce Sentence, 64, is **DENIED**.

Dated: June 24, 2020                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Milik Turner** #42326-039, BECKLEY FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 350, BEAVER, WV 25813 by first class U.S. mail on June 24, 2020.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager