UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                      Plaintiff,                                Case No. 08-20228

v.                                             Honorable Thomas L. Ludington

MILIK TURNER,

                      Defendant.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR COMPASSIONATE RELEASE**

On April 30, 2008, Defendant was indicted by a grand jury for six counts of distribution of heroin and one count of possession with intent to distribute cocaine base. ECF No. 1. On June 9, 2009, Defendant pled guilty to one count of distribution of heroine. He was sentenced on September 22, 2009 to incarceration for 188 months, to be served concurrently with a sentence of imprisonment he was currently serving with the Michigan Department of Corrections. ECF No. 39. Though Defendant did not file a direct appeal, he filed multiple post judgment motions. On April 13, 2015, he filed a motion for retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582, which was denied on June 30, 2016. EF Nos. 41, 45. He also filed a motion to vacate under 28 U.S.C. § 2255 on November 28, 2016 that was denied, but was granted a certificate of appealability and IFP status. ECF Nos. 46, 51, 55, 57. On appeal, this Court was affirmed. ECF Nos. 60, 62. On April 1, 2020 Defendant filed a motion to reduce his sentence, which was denied. ECF Nos. 64, 69.

Defendant also filed a pro se motion for compassionate release due to the spread of COVID-19. ECF No. 68. Due to mailing delays caused by COVID-19, the motion was docketed

on June 23, 2020, but in accordance with 20-AO-26, the date Defendant signed his motion of May

20, 2020 was used for the filing date.

## I.

The United States is facing an unprecedented challenge with the coronavirus pandemic.

The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious
> illness or death. It is caused by a new strain of coronavirus not previously identified
> in humans and easily spread from person to person. Older adults and those with
> chronic health conditions are at particular risk, and there is an increased risk of
> rapid spread of COVID-19 among persons in close proximity to one another. There
> is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons

pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt.*

*of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for

Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-

ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many

opportunities for COVID-19 to be introduced into a correctional or detention facility, including

daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and

systems, to court appearances, and to outside medical visits; and visits from family, legal

representatives, and other community members." CDC, *Guidance for Correctional & Detention*

*Facilities*,                          https://www.cdc.gov/coronavirus/2019-ncov/community/correction-

detention/guidance-correctional-detention.html (last visited June 12, 2020).

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at
https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-
19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf
("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves,
and prisons often create the ideal environment for the transmission of contagious disease.").

## II.

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

18 U.S.C. §3582(c)(1)(A)(i)

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In his motion for compassionate release, Defendant does not provide whether he has exhausted his administrative remedies with BOP. The Court congratulates the Defendant on successfully completing the Life Connection Program and the fact that he has a solid home placement and an offer of employment. The Court is also aware of the time sensitive nature of Defendant's request. However, the Sixth Circuit has clearly stated that Defendants must first seek release from the Bureau of Prisons rather than come directly to the courts. Therefore, Defendant's

motion for compassionate release will be denied without prejudice due to his failure to exhaust his administrative remedies with the BOP.

Accordingly, it is **ORDERED** that Defendant's motion for compassionate release, ECF No. 68, is **DENIED WITHOUT PREJUDICE**.

Dated: June 26, 2020                                        s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Milik Turner** #42326-039, BECKLEY FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 350, BEAVER, WV 25813 by first class U.S. mail on June 26, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager