UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,        Case No. 08-20228

v.               Honorable Thomas L. Ludington

MILIK TURNER,

    Defendant.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR COMPASSIONATE RELEASE**

On April 30, 2008, Defendant was indicted by a grand jury for six counts of distribution of heroin and one count of possession with intent to distribute cocaine base. ECF No. 1. On June 9, 2009, Defendant pled guilty to one count of distribution of heroin. He was sentenced on September 22, 2009 to incarceration for 188 months, to be served concurrently with a sentence of imprisonment he was currently serving with the Michigan Department of Corrections. ECF No. 39. Though Defendant did not file a direct appeal, he filed multiple post-judgment motions. On April 13, 2015, he filed a motion for retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582, which was denied on June 30, 2016. EF Nos. 41, 45. He also filed a motion to vacate under 28 U.S.C. § 2255 on November 28, 2016 that was denied, but he was granted a certificate of appealability and IFP status. ECF Nos. 46, 51, 55, 57. On appeal, this Court was affirmed. ECF Nos. 60, 62.

On April 1, 2020 Defendant filed a motion to reduce his sentence, which was denied. ECF Nos. 64, 69. On May 20, 2020 Defendant filed a pro se motion for compassionate release due to the spread of COVID-19. ECF No. 68. On June 24, 2020, Defendant's motion was denied due to his failure to exhaust his administrative remedies, as required by the Sixth Circuit. ECF No. 70.

- 2 -

On August 7, 2020, Defendant filed a second motion for release under the compassionate release statute, 18 U.S.C. §3582(c)(1)(A). ECF No. 72. Due to the mail delays caused by COVID-19, the motion was docketed on August 27, 2020.

In his second motion for compassionate release, Defendant Turner states, "Now comes, Milik Turner a prisoner who has exhausted his administrative remedies and is eligible for relief" under the compassionate release statute. ECF No. 72. However, Defendant provides no evidence of his attempt to exhaust administrative remedies. Such evidence is necessary for the Court to determine whether Defendant has in fact exhausted his administrative remedies. While the Court is aware of the time sensitive nature of Defendant's request, the Sixth Circuit has clearly stated that Defendants must first seek release from the BOP rather than come directly to the courts.

Accordingly, it is **ORDERED** that Defendant's motion for compassionate release, ECF No. 72, is **DENIED WITHOUT PREJUDICE**.

Dated: September 14, 2020              s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Milik Turner** #42326-039, BECKLEY FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 350, BEAVER, WV 25813 by first class U.S. mail on September 14, 2020.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager