UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 08-CR-20228

v.                                           Honorable Thomas L. Ludington

MILIK TURNER,

        Defendant.
_____/

**ORDER DENYING WITH PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On April 30, 2008, Defendant, Milik Turner, was indicted by a grand jury for six counts of distribution of heroin and one count of possession with intent to distribute cocaine base. ECF No. 1. On June 9, 2009, Defendant pled guilty to one count of distribution of heroine. ECF No. 36. He was sentenced on September 22, 2009 to incarceration for 188 months, to be served concurrently with a sentence of imprisonment he was currently serving with the Michigan Department of Corrections. ECF No. 39. Though Defendant did not file a direct appeal, he filed multiple post judgment motions. On April 13, 2015, he filed a motion for retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582, which was denied on June 30, 2016. EF Nos. 41, 45. He also filed a motion to vacate under 28 U.S.C. § 2255 on November 28, 2016. ECF No. 46. The motion was denied but he was granted a certificate of appealability and IFP status. ECF Nos. 51, 55, 57. On appeal, this Court was affirmed. ECF Nos. 60, 62.

On April 1, 2020 Defendant filed a motion to reduce his sentence, which was denied. ECF Nos. 64, 69. Defendant filed two *pro se* motions for compassionate release that were denied for lack of evidence of exhaustion. ECF Nos. 68, 70, 72, 74. On September 28, 2020, Defendant filed

a letter that included his denial letter from the warden. The letter is being construed as a renewal of his previous motions for compassionate release. For the following reasons, his motion will be denied with prejudice.

## I.

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A).

The statute provides three inquires that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons ("BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

## A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

Defendant included the Warden's denial of his request for compassionate release. ECF No. 76 at PageID.295. Defendant has exhausted his administrative remedies.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant's underlying offense is for distribution of heroine. Drug trafficking is a serious crime. Additionally, according to his Presentence Investigation Report, Defendant has prior drug convictions (possession with intent to deliver cocaine, delivery of cocaine, and possession of marijuana), multiple convictions for violent offenses (domestic violence, felonious assault, and resisting and obstructing), two theft convictions, as well as convictions for possession of open intoxicants in a motor vehicle, attempted carrying of a concealed weapon, fleeing and eluding, noncompliance with a court order of judgment, felon in possession, and driving with a suspended license. Furthermore, as explained below in Section I.C.2., Defendant poses a danger to others and the community due to his history of violent offenses.

A consideration of the § 3553 factors indicates that Defendant is not entitled to a sentence reduction.

## C.

The next inquiry to be resolved in addressing Defendant's motion for compassionate release are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13 which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, he has not demonstrated that he is not a danger to the safety of others.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides in relevant part:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is--
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.--
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Defendant argues that he "has a severe case of hypertension aka 'high blood pressure'" and is a non-violent offender who has served over 80% of his sentence. ECF No. 72. He also states that he is "labeled by medical staff a chronic care (2)" and he takes "(2) different pills daily (1) triamterene/hctz 75 mg and (2) loratan potassium 50 mg tab" for his high blood pressure and mental health. ECF No. 72 at PageID.252–53 [sic]. He contends that COVID-19 is an "extreme danger" to individuals with high blood pressure. *Id.* However, he does not explain how his argument fits within U.S.S.G. § 1B1.13. Though COVID-19 could be considered compelling and extraordinary in the context of a public health situation, Defendant has not explained how COVID-19 is compelling and extraordinary in the context of specific parameters of U.S.S.G. § 1B1.13.

Also, Defendant's medical situation does not qualify as "compelling and extraordinary" under subsection (A) of the policy statement commentary. Defendant contends he suffers from high blood pressure but identifies no other medical ailments. He does not argue that he has been diagnosed with a terminal illness. Defendant has, at most, alleged a generalized risk of developing serious COVID-19 symptoms. A "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020); *see also United States v. Brown*, No. 19-20202, 2020 WL 2812776, at *4 (E.D. Mich. May 29, 2020) ("Without satisfactory evidence that Defendant's

asthma is moderate to severe, and without additional risk factors, the Court cannot conclude that Defendant's conditions of confinement currently expose him to a risk of a dire outcome from COVID-19."). The U.S.S.G. policy statement does not provide relief based on potential health risks. Instead, a defendant must have an actual medical condition or a terminal illness. Accordingly, Defendant's present circumstance does not satisfy subsection (A).

Defendant's situation does not qualify as "compelling and extraordinary" under subsection (B) of the policy statement commentary because he is 49 years old. Additionally, he does not qualify under subsection (C) because he is not seeking release in order to care for a spouse or child.

Defendant has not demonstrated that "compelling and extraordinary" circumstances exist meriting his compassionate release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would not be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C.A. § 3142.

Consideration of the above factors support the conclusion that Defendant would be a danger to others and the community if released. According to his Presentence Investigation Report, he has multiple convictions for violent and weapon offenses, including domestic violence, felonious assault, resisting and obstructing, attempted carrying a concealed weapon, and felon in possession. In addition, "[t]he concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted). "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010). Defendant has two prior offenses related to cocaine (possession with intent to deliver cocaine and delivery of cocaine) and his underlying offense is for distribution of heroine. Further, Defendant has several other criminal convictions where he endangered the public, including fleeing and eluding and possession of open intoxicants in a motor vehicle.

Defendant's efforts to better himself, including his successful graduation from the Life Connection Program, his intention to reside with his cousin, and his job prospects after release, are commendable. However, his repeated criminal offenses, especially those of a violent nature, demonstrate that Defendant would be a danger to others and the community if he were to be released early.

- 9 -

## II.

Accordingly, Defendant's Motion for Compassionate Release, ECF No. 76, is **DENIED WITH PREJUDICE**.

Dated: October 14, 2020                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Milik Turner** #42326-039, BECKLEY FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 350, BEAVER, WV 25813 by first class U.S. mail on October 14, 2020.

                                s/Kelly Winslow
                                KELLY WINSLOW, Case Manager