UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                                    Case No. 1:08-cr-20228

v.                                                       Honorable Thomas L. Ludington
                                                           United States District Judge

MILIK TURNER,

                                                           Honorable Patricia T. Morris
                      Defendant.                     United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE AND DENYING MOTION TO ADJOURN REPLY DEADLINE**

This matter is before this Court upon Defendant Milik Turner's Motion for Compassionate Release, ECF No. 82, and his Motion to Adjourn the Reply Deadline, ECF No. 86. As explained hereafter, his Motions will be denied.

**I.**

In June 2009, through a Rule 11 plea agreement, Defendant pleaded guilty to distribution of heroin, 21 U.S.C. § 841. ECF No. 36. In September 2009, Defendant was sentenced to 188 months' imprisonment, to run concurrent with the sentence he was already serving, and three years' supervised release. ECF No. 39 at PageID.117–18. Defendant did not appeal but has since filed many post-conviction motions for relief.

In April 2015, he filed a motion for retroactive application of the Sentencing Guidelines under 18 U.S.C. § 3582, which was denied on June 30, 2016. EF Nos. 41; 45. In November 2016, he filed a motion to vacate under 28 U.S.C. § 2255. ECF No. 46. The motion was denied, but he was granted a certificate of appealability and *in forma pauperis* status. ECF Nos. 51, 55, 57. On appeal, this Court was affirmed. ECF Nos. 60; 62.

Defendant has since filed four motions for a sentence reduction under 18 U.S.C § 3582(c)(1)(A)—a form of relief commonly referred to as "compassionate release." ECF Nos. 68; 72; 76; 78. They have all been denied. ECF Nos. 70; 74; 77; 79.

On February 3, 2022, Defendant filed a fifth motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 82. The Government opposes Defendant's Motion. ECF No. 83. Twenty-five days later, he filed a request to adjourn the deadline for him to reply to the Government's response. ECF No. 86.

As explained below, Defendant's Motion for Compassionate Release will be denied because he has demonstrated neither (1) an extraordinary and compelling reason for release nor (2) that the factors set forth in 18 U.S.C. § 3553 warrant release. Consequently, his Motion to Adjourn will be denied as moot.

## II.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction

authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

#### A.

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant requested compassionate release from the BOP on December 24, 2021. *See* ECF No. 82 at PageID.335. For that reason, Defendant has exhausted his administrative remedies with the BOP. *See* 18 U.S.C. § 3582(c)(1)(A).

#### B.

The next issue is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as

part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Recently, the Sixth Circuit endorsed a textual analysis through which courts must look to the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances four reasons for compassionate release: (1) "a new change in law," (2) his rehabilitation programming, (3) "the risk of [him] being exposed to the corona virus," and (4) his "blood pressure." ECF No. 82 at PageID.335. Whether considered independently or in combination, those reasons are neither extraordinary nor compelling.

i.

Defendant relies on *United States v. Havis*, 927 F.3d 382, 386–87 (6th Cir. 2019) (per curiam) to be his first extraordinary and compelling reason for release. ECF No. 82 at PageID3230.

The Government argues that "because *Havis* does not apply retroactively, a *Havis* error is not an extraordinary and compelling reason to modify an inmate's sentence under § 3852(c)(1)(A)(i)." ECF No. 83 at PageID.347.

The Sixth Circuit recently dealt with this precise issue in *United States v. McKinnie*, 24 F.4th 583 (6th Cir. 2022). In *McKinnie*, the defendant's sentence was enhanced due to earlier convictions for attempted drug trafficking and drug conspiracy. *Id.* Yet *Havis*, which issued after McKinnie's convictions, held that attempted trafficking offenses do not trigger the career offender enhancement. *Id.* The defendant touted *Havis* as an "extraordinary and compelling reason" justifying his release. The Sixth Circuit held, however, that because *Havis* does not apply retroactively, a *Havis* error is not an extraordinary and compelling reason to modify an inmate's sentence under § 3582(c)(1)(A)(i). *Id.*

Because Defendant's prior trafficking offenses here involved neither an "attempt" nor a "conspiracy," *see* PSR ¶¶ 45, 47, there is a question as whether *Havis* would even apply. But even if *Havis* would entitle Defendant to relief if he was sentenced today, *McKinnie* forecloses any relief in the context of § 3582(c)(1)(A)(i). The phrase Congress chose—"extraordinary and compelling reasons"—does not license district courts "to treat non-retroactive precedent as a basis to alter a final judgment []and release a prisoner[]." *McKinnie*, 24 F.4th at 583 (citing *United States v. Hunter*, 12 F.4th 555, 566 (6th Cir. 2021)). Nonretroactive precedent, specifically *Havis*, cannot be considered at all for the extraordinary and compelling circumstances analysis. *Id.*

For these reasons, *Havis* does not justify a sentence reduction.

**ii.**

Defendant next cites his "impeccable" rehabilitative efforts as an extraordinary and compelling reason for release. ECF No. 82 at PageID.332. Specifically, he contends that he has

completed "the 'holy grail' of programming in the B.O.P." *Id.* (emphasis omitted). The Government has not addressed Defendant's rehabilitation status.

Although Congress has said little about what constitutes an "extraordinary and compelling reason," 18 U.S.C. § 3582(c)(1)(A), it has made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. 994(t) (emphasis added).

For this reason, though commendable, Defendant's rehabilitation alone does not justify reducing his sentence. *See United States v. McCall*, 20 F.4th 1108, 1114 (6th Cir. 2021) ("The district court correctly held that, if McCall argued for extraordinary and compelling circumstances based on his rehabilitation alone, the district court could not consider the argument.").

### iii.

Defendant cites the COVID-19 pandemic as an extraordinary and compelling reason for release from prison. ECF No. 82 at PageID.331.

The CDC maintains that the COVID-19 vaccines "are highly effective at preventing severe disease and death, including against the Delta variant." *See Delta Variant: What We Know About the Science*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html [https://perma.cc/C8SK-RJAA]. Similarly, the CDC states that the "[c]urrent vaccines are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." *Omicron Variant: What You Need to Know*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html [https://perma.cc/SVG4-XQM8].

Despite its devastating effects on Michigan's prisoners, several courts have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A). *United States*

*v. Burlingame*, No. 1:15-CR-20042, 2021 WL 5198510, at *4 (E.D. Mich. Nov. 9, 2021); *see United States v. Bell*, No. 18-20127, 2021 WL 4148251, at *2 (E.D. Mich. Sept. 13, 2021); *United States v. Swarn*, No. 2:14-CR-20599-7, 2021 WL 4077344, at *2 (E.D. Mich. Sept. 8, 2021); *United States v. Proge*, No. 2:12-CR-20052-06, 2021 WL 3857440, at *1 (E.D. Mich. Aug. 30, 2021) ("Nothing about the Delta variant changes the fact that Defendant's 'vaccination status renders his fear of COVID-19 a non-compelling reason to grant him release.'" (quoting *United States v. Wilson*, No. 16-20081, 2021 WL 3417917, at *3 (E.D. Mich. Aug. 5, 2021)). Plus, the Sixth Circuit Court of Appeals has emphasized that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. Traylor*, No. 21-1565, 2021 WL 5045703, at *1 (6th Cir. Nov. 1, 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).

Defendant proffers no reason to depart from that wisdom. And Defendant has already been vaccinated against COVID-19 and is eligible for a booster. *See* ECF No. 83 at PageID.344, 346–47. Accordingly, Defendant has not demonstrated that COVID-19 is extraordinary and compelling.

**iv.**

Elaborating on his medical condition, Defendant mentions that he has hypertension. ECF No. 82 at PageID.331. The Government has not addressed Defendant's medical condition.

Defendant's hypertension is neither extraordinary nor compelling. Hypertension is very common. Thomas M. Coffman, *Under Pressure: The Search for the Essential Mechanisms of Hypertension*, 17 NATURE MED. 1402, 1402 (2011) ("High blood pressure, or hypertension, is a very common disorder . . . ."). But according to the CDC, hypertension is a known risk factor for COVID-19. *See* CDC, *People with Certain Medical Conditions*,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/4MB5-R8AC].

Defendant also claims that he takes two medications daily, "which makes him at higher risk of serious complication if in contact w/ covid-19 or omicron variant." ECF No. 82 at PageID.331 (cleaned up). Although Defendant has not submitted any medical records identifying such medications, the Government has. *See* ECF No. 85-1 at PageID.357 (filed under seal). Defendants two medications mitigate his hypertension and do not increase the risk of hospitalization due to or the risk of contracting COVID-19.

Finally, as explained, Defendant has demonstrated his resilience against COVID-19 by being vaccinated and eligible for a booster, despite having hypertension. *See* discussion *supra* III.B.iii.

For those reasons, Defendant's hypertension is not extraordinary or compelling.

v.

Similarly, Defendant's reasons, taken in concert, do not support a sentence reduction. *Lemons*, at 747 ("[T]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation); *United States v. McKinnie*, 24 F.4th 583, 589 (6th Cir. 2022) ("[T]he district court acted within its discretion by declining to find that these aggregate considerations necessitated a sentence modification." (citing *Lemons*, 15 F.4th at 749)).

Therefore, Defendant has not demonstrated an extraordinary or compelling reason for a sentence reduction.

### C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>>> . . . .
>
> (5) any pertinent policy statement—
>> . . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

Defendant's case is not compelling. First, Defendant does not address the § 3553 factors. In addition, this Court has already denied compassionate release for Defendant after considering the § 3553(a) factors, including the nature of Defendant's offense. *See* ECF Nos. 77 at PageID.300. Defendant does not explain why that analysis was flawed or what, if anything, has changed since his sentencing. Indeed, this Court is unaware of any intervening change in law that would result in a lower guideline range.

A review of Defendant's rehabilitative efforts suggests he should not be released early. Commendably, he has completed a GED and a myriad of other courses while incarcerated, *see* ECF No. 82 at PageID.339, and he has not had any disciplinary actions for at least 8 months, *see id.* But the BOP has indicated that Defendant has a "HIGH RISK RECIDIVISM LEVEL" and that Defendant's "goal" is to "complete Anger Management," "Criminal Thinking class," "VT Electrical or Carpentry," "Parenting Class," "Drug Education," "Halfway House Regulations RPP class," "victim Impact," "Job Skills," and "Life Skills by release," in addition to "obtain[ing] a

Social Security Card and Birth Certificate by release." *Id.* at PageID.340–41. Defendant is projected to be released in less than 15 months—on May 18, 2023. *Id.* at PageID.339. This Court would be remiss if it released Defendant before he attains his goals, each of which are crucial to his post-release success, or he likely would not have chosen them as goals.

Merely 15 months of Defendant's 188-month sentence remain. ECF No. 83 at PageID.343. And his criminal history is just as serious as it was when this Court reviewed his last motion for compassionate release. Plus, his criminal history includes other drug offenses and violent behavior. *See id.*; ECF No. 82 at PageID.341. His prior convictions did not abate his proclivity for crime. As indicated, Defendant still presents a danger to society and a high risk of recidivism. And his 188-month sentence still reflects the seriousness of his crimes, promotes respect for the law, and provides just punishment.

Finally, Defendant insufficiently plans to care for his post-release needs. Although he contends that he "will immediately seek employment within the highly demanding trucking industry," ECF No. 82 at PageID.332 (cleaned up), he has not shown his qualification for such employment (e.g., with a CDL). His remaining 15 months will likely assist him to that end. Defendant also purports to have a "solid home placement w/ his sister," who he says will provide a room for him to quarantine. *Id.* at PageID.332. But he has a home for 15 more months in prison, where he has been vaccinated against COVID-19, may receive a booster, and is receiving medication for his hypertension. *Id.* at PageID.331; ECF No. 83 at PageID.346–47. Defendant's insufficient plan to find employment or care for his medical needs outside prison does not justify reducing his sentence by over 7%.

Although this Court appreciates Defendant's desire to turn over a new leaf, a sentence reduction is not warranted at this time. Given the seriousness of his underlying offense, his criminal

history, and the "need to afford adequate deterrence," *see* 18 U.S.C. § 3553(a), Defendant should continue to serve his remaining 15 months.

For these reasons, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today; the § 3553(a) factors do not warrant a sentence reduction. Consequently, his Motion will be denied.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 82, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that Defendant's Motion to Adjourn the Reply Deadline, ECF No. 86, is **DENIED AS MOOT**.

Dated: March 1, 2022                           s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge